IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN ROGERS,<br><br>    Plaintiff,<br><br>vs.<br><br>COMCAST CORPORATION,<br><br>    Defendant. | 4:25CV3044<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Kevin Rogers filed a Complaint, Filing No. 1, on March 3, 2025, and was given leave to proceed in forma pauperis, Filing No. 5. The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff sues Comcast Corporation ("Defendant"), the owner of NBC News, for $303,930,000 in damages pursuant to 15 U.S.C. § 52 because Defendant "falsely advertises at NBC News' website that incoming news tips are read and evaluated without racial or gender bias—or read at all, by anyone." Filing No. 1 at 2. Plaintiff's claim arises out of his March 8 and March 30, 2024, submissions of "what he believes was a spectacular and thoroughly documented news tip" to NBC News, which he alleges Defendant's journalist employees never investigated. *Id*. The tip Plaintiff sought to have investigated was his accidental discovery "that a hereditary skin disease enables scar-free burn healing" and that he "was ultimately cheated out of recognition by numerous persons who, since 2006, have publicly lied about [Plaintiff's discovery being] the origins of spray-on skin for burns while also orchestrating an elaborate

coverup of their deception." Id. Plaintiff believes Defendant's employees "either do not read incoming news tips, or they rejected his news tip solely because of his race and/or gender" "by applying discriminatory policies that discourage or forbid reporting on white people and/or men[, like Plaintiff,] being unjustly treated by the government and/or public institutions such as universities." Id. at 2–3. Plaintiff also alleges he submitted a different news tip on April 28, 2024, relating to "how he had been racially discriminated against by the New York City-based activist group, the National Action Network," which Defendant's employees did not investigate. Id. at 3–4.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 849 (8th Cir. 1999) (internal quotation marks and citations omitted). However, even pro se complaints are required to allege

facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Liberally construed, Plaintiff alleges Defendant falsely advertised itself as a news organization that offers "the service of publicizing information for tipsters" in an unbiased manner, Filing No. 1 at 4, based on Defendant's failure to investigate his well-documented, news-worthy tips. Plaintiff asserts Defendant's conduct violates 15 U.S.C. § 52 of the Federal Trade Commission Act of 1914 ("FTCA").

Under the FTCA, the Federal Trade Commission ("FTC") "retains regulatory and enforcement authority over the advertising (as opposed to the labeling) of foods, drugs, and cosmetics." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 830 n.8 (1986) (Brennan, J., dissenting) (citing 15 U.S.C. §§ 52–55). The FTC is also "empowered and directed to prevent persons, partnerships, or corporations . . . from using . . . unfair or deceptive acts or practices in or affecting commerce." See 15 U.S.C. § 45(a)(2). Thus, the FTCA does not provide a private right of action for individuals, like Plaintiff, to seek relief as only the FTC may enforce the FTCA's provisions. Naylor v. Case & McGrath, Inc., 585 F.2d 557, 561 (2d Cir. 1978) (referring to the FTCA, 15 U.S.C. § 45(a)(1), and noting "it is clear that no private right of action arises under that Act"); Alfred Dunhill Ltd. v. Interstate Cigar Co., 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the [FTCA] may be enforced only by the [FTC]. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."); Holloway v. Bristol-Myers Corp., 485 F.2d 986 (D.C. Cir. 1973) (consumers and members of public at large have no right to bring a private action to enforce provisions of the FTCA prohibiting unfair or

deceptive acts or practices in commerce); *Trisvan v. Burger King Corp.*, No. 19-CV-6396 (MKB), 2020 WL 13851936, at *2 (E.D.N.Y. Mar. 2, 2020) (dismissing plaintiff's FTCA claim because "[t]he FTCA does not provide a private right of action") (citing cases).

As Plaintiff has no private right of action under 15 U.S.C. § 52, his Complaint fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915(e). The Court, therefore, will dismiss Plaintiff's Complaint without prejudice and without leave to amend as the Court discerns no other basis for this Court's subject matter jurisdiction and concludes further amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. The Court will enter a separate judgment.

Dated this 27th day of June, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge